# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANVAR MUMINOV,**

                **Plaintiff,**

**-vs-**                                            **Case No. 6:11-cv-969-Orl-31GJK**

**MUNIRAJ ENTERPRISES, INC. and**
**WYNDHAM HOTELS AND RESORTS,**
**LLC,**

                **Defendants.**

## ORDER

The cause comes before the Court on a Motion for Summary Judgment (Doc. 22), filed by Defendant Wyndham Hotels and Resorts, LLC ("Wyndham"), a Response (Doc. 25) filed by Plaintiff, Anvar Muminov ("Muminov"); and the Reply (Doc. 26).

On May 9, 2009, Plaintiff was a guest in a hotel operated Defendant Muniraj Enterprises, Inc. d/b/a Hawthorn Suites Orlando Convention Center, ("Muniraj" or the "Hotel"), and suffered a "traumatic amputation to the distal tip of his left ring finger" when a window in his room failed to lock or hold in place and came "slamming down onto his finger." Plaintiff filed the instant suit on April 1, 2011, in state court, it was removed to this court on June 10, 2011 pursuant to 28 U.S.C. § 1332. The Complaint asserts two counts of negligence against Muniraj and Wyndham respectively. Wyndham now moves for summary judgment pursuant to FED. R. CIV. P. 56. For the reasons discussed below, the Court will grant summary judgment in favor of Wyndham.

**I. Standard**

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

**II. Discussion**

The sole issue presented is whether Muniraj is the apparent agent of Wyndham.[1] Wyndham argues that Muniraj has a license agreement with Hawthorn Suites Franchising, Inc. ("Hawthorn"), but Wyndham is not a party to that agreement, nor does it exercise any control over Muniraj.[2] The Wyndham name does appear, however, on various signs and advertisements at the Hotel.[3]

To establish vicarious liability based on apparent agency, the Florida Supreme Court created a three-part test: "(1) a representation by the purported principal; (2) a reliance on that representation by a third party; and (3) a change in position by the third party in reliance on the representation." *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 121 (Fla. 1995). In the context of a franchise, "the franchisor must make a representation that goes beyond the basic franchise relationship 'by indicating that the franchisor was in substantial control of the business.' " *Estate of Miller v. Thrifty Rent-A-Car System, Inc.*, 637 F. Supp. 2d 1029, 1039 (M.D. Fla. 2009) (quoting *Bransford*, 648 So. 2d at 121). Accordingly, it is clear that "a franchisee's mere use of the franchisor's trademarks is insufficient as a matter of law to establish the reliance prong of apparent authority." *Id.*; *see also Jackson Hewitt, Inc. v. Kaman*, No. 2D10-1801, 2011 WL 3962886 at *10 (Fla. 2d DCA Sept. 9, 2011).

---

[1] Although Plaintiff originally alleged that Muniraj was the "actual or apparent" agent of Wyndham, his response addresses only apparent agency.

[2] The exact nature of the relationship between Hawthorn and Wyndham is unclear. It appears that they are related because the affidavit attached the Motion was given by the "Vice President of Compliance and Government Relations" for both Wyndham and Hawthorn. For the purposes of this motion, the Court will treat them as one entity.

[3] Even if Wyndham was a party to the license agreement, there is no evidence that the agreement allowed for any control over Muniraj sufficient to establish vicarious liability.

Wyndham has pointed out an absence of evidence on the issue of vicarious liability; thus the burden shifts to Plaintiff to designate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324-25. In response to Wyndham's Motion, Plaintiff cites to (1) the official Hotel website which lists the Hotel as being "part of Wyndham's Hotel Group"; (2) a sign leading into the Hotel which says "Hawthorn Suites by Wyndham"; (3) Wyndham's website which advertises the Hotel as part of Wyndham's hotel group and allows customers to make reservations for the Hotel online; and (4) a brochure in the Hotel lobby which is labeled "Hawthorn Suites by Wyndham." (Doc. 25, ¶¶ 1-7). Further, Plaintiff claims that "Hawthorn uses the name 'Hawthorn Suites by Wyndham' with the authority and permission of Wyndham and allows them to place signs which say such on their property and hotel." (Doc. 25, ¶ 8).

Mere use of a franchisor's trademark is insufficient to establish vicarious liability. Under Florida law, some "indicia of greater control" is needed. *Estate of Miller*, 637 F. Supp. 2d at 1041 (reviewing Florida cases where this indicia is found). Since Plaintiff presents no evidence of any such control, it is **ORDERED** that Defendant Wyndham Hotels and Resorts, LLC's Motion (Doc. 22) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 8, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**